DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

RAMIREZ-BAMBOA, EUGENIO

RAMIREZ, DOMINGA

                Debtor(s)

Chapter 13
Case No. 11-5-5290 SLJ

FIRST AMENDED TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

341 Meeting: Date: SEPTEMBER 7, 2011 @ 2:30 PM
Confirmation Date: N/A Trustee's Pending List

Judge: Stephen L. Johnson

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this PROTANTO% Plan for the following reasons:

1. The Trustee objects to feasibility of the proposed plan pursuant to 11 U.S.C. § 1325(a)(6) for the following reason: The proposed plan does not provide for arrears and/or on-going payments to junior lienholders on real property because a motion or adversary to eliminate the lien will be filed. The proposal does not demonstrate how the debtors will be able to pay the amounts due to junior lienholders in the event the debtors are not successful in eliminating the lien.

2. Pursuant to the "Guidelines Regarding Residential Loan Modification in Chapter 13 Plans for the San Jose and San Francisco Division," the plan cannot be confirmed until the loan modification proposed in the plan has been approved by the lender with proof of such approval provided to the Chapter 13 Trustee. The Chapter 13 Trustee has not received proof of the loan approval and therefore cannot recommend confirmation of the debtors' plan.

3. The Trustee questions the feasibility of the debtors' Plan pursuant to 11 U.S.C. § 1325(a)(6) as there is a deficit of in the debtors' budget of $130.27 per month, after they make their plan payment of $500.

4. The Trustee is unable to determine whether all of the debtors' projected disposable income is being applied to make payments to unsecured creditors under the plan as required by 11 U.S.C. § 1325(b)(1)(B). The debtors are taking a secured debt deduction on Line 47 and 48 of the Form 22C for debt that is secured by a lien which is going to be avoided or for debt for property which is going to be surrendered. Because it is virtually certain that these secured debt payments will terminate either before or after confirmation, they are not allowed as appropriate expense deductions pursuant to the holding In Hamilton v. Lanning, 130 S. Ct. 2464 (2010). The Trustee requests that the debtors amend the Form 22C to remove the expense deduction on Line 47 and 48.

5. The debtors failed to comply with 11 U.S.C. § 1325(b)(1)(B). Pursuant to line 59 of the debtors' Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income; the debtors have a monthly disposable income of $1,568.76. The commitment period is 60 months; therefore, the total projected disposable income that must go to unsecured creditors is $74,435.25. The following language must be

added to Section 7 "Notwithstanding Section 2(d), general unsecured creditors shall receive no less than $74,435.25." (Note: line 27A, 40, 47b and 48a are incorrect.)

6. The debtors have failed to appear and/or submit to examination under oath at the Meeting of Creditors under 11 U.S.C. § 341(a). Without conducting this examination, the Trustee is unable to adequately investigate the debtors' financial affairs as she is required to do pursuant to 11 U.S.C. § 1302(b)(1) (incorporating 11 U.S.C. § 704(a)(4)). In addition, until the debtors are examined by the Trustee, she is unable to recommend confirmation of the debtors' plan. The Trustee requests that the debtors appear at a rescheduled meeting of creditors.

7. The debtors have failed to provide the Trustee with either or both 1) a government photo identification, or 2) proof of social security number. See 11 U.S.C. § 521(h). Without being able to establish the identity of the debtors, the Trustee is unable to adequately investigate the financial affairs of the debtors or recommend confirmation. The Trustee requests that the debtors provide her with verification of both identity and social security number.

Dated: August 15, 2011                                /S/ Devin Derham-Burk
                                                      _____
                                                      Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I am not less than 18 years of age and not a party to the within case; my business address is 983 University Ave. C-100, Los Gatos, California 95032. I served a copy of the within Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on August 15, 2011.

Said envelopes were addressed as follows:

| | |
|---|---|
| EUGENIO RAMIREZ-GAMBOA & DOMINGA RAMIREZ 626 SERENADE CT SAN JOSE CA 95111 | STEBURG LAW FIRM 1798 TECHNOLOGY DR #258 SAN JOSE CA 95110 |

/S/ Clotilde Costa
Office of Devin Derham-Burk, Trustee